JOHN TIMS v. ARTHUR SPRAGG.

1. The District Court of Newark has jurisdiction to maintain a suit to the extent of $300, under the twenty-seventh section of the act concerning landlord and tenant. *Gen. Stat., p.* 1921.
2. It is a private suit for a private wrong, and can be maintained only by the party injured, which distinguishes it from *Koch* v. *Vanderhoff,* 20 *Vroom* 619.

On *certiorari* to review a judgment of the First District Court of Newark.

Argued at June Term, 1895, before Justices VAN SYCKEL and LIPPINCOTT.

For the plaintiff, *John R. Hardin.*

For the defendant, *James M. Trimble.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The subject of review is the judgment of the First District Court of the city of Newark, in an action of debt brought by Spragg against Tims, to recover double rent for willfully holding over after the end of his term, under the provisions of the twenty-seventh section of the Landlord and Tenant act. *Gen. Stat., p.* 1921.

That section provides that the person so holding over shall, for and during the time he so holds over, pay to the person unlawfully kept out of possession "at the rate of double the yearly value of the lands, for so long a time as the same are detained, to be recovered in any court of record in this state by action of debt, whereunto the defendant or defendants shall be obliged to give special bail, and against the recovering of which said penalty there shall be no relief in equity."

The only question to be decided is whether the District Court had jurisdiction of the case.

Several grounds are relied upon to show a want of jurisdiction :

*First.* It is insisted that the District Court had no power to try an action for a penalty in excess of $100.

The act creating the Newark District Court invested it with the civil jurisdiction of justices of the peace, under the Small Cause act, under the supplement of 1847 to the Landlord and Tenant act, under the Attachment act and under the Forcible Entry and Detainer act. *Pamph. L.* 1873, *p.* 245.

At the time this act was passed, the jurisdiction of justices of the peace in the court of small causes was limited to $100, and the prosecutor argues that, notwithstanding the legislation of 1878 and 1882, the jurisdiction of the District Court in suits for penalties has not been amplified, and that it was not competent to entertain this controversy.

The act of 1878 (*Gen. Stat., p.* 1266) extends jurisdiction of the District Court to "every suit of a civil nature at law in which the debt or other matter in dispute does not exceed two hundred dollars."

The act of 1882 (*Gen. Stat., p.* 1259) enlarges it to $300.

In *Koch* v. *Vanderhoff*, 20 *Vroom* 619, the judgment of this court was that, in actions for penalties, the jurisdiction of the District Court was not extended by those acts beyond its original limit of $100. Mr. Justice Dixon, in delivering the opinion of the court, said that, while the term "every suit of a civil nature" may be applied to the form of litigation in contradistinction to that which is criminal, and thus embrace an action for penalties, it may also with propriety be applied to the nature of the litigation, as growing out of the relations of citizens *inter sese*, rather than their relations to the state.

From a review of various statutes, in which the words "suits of a civil nature" had been previously employed, he concluded that, in the acts of 1878 and 1882, the legislature had in mind three classes of suits—

1. Private suits for private wrongs.

2. Private suits for public wrongs.

3. Public suits for public wrongs; and that "by suits of a civil nature" those acts were intended to include only those of the first class.

Koch *v.* Vanderhoff was brought to recover a penalty of $200, given by the Oleomargarine act of 1885 to " any person who sued for the same."

Under the test applied by Mr. Justice Dixon, he necessarily concluded that a penalty in excess of $100 was not recoverable in such a case in the District Court. It could not be classified with private suits for private wrongs, but was clearly in the second class of private suits for public wrongs.

The injury denounced by the act of 1885 was an injury to the public and not an injury to the individual; it was to be redressed by the imposition of a penalty of $200, to be recovered by any person who sued for it.

The statute was designed to suppress the fraud upon the public; reparation to the injured party was not within its purview.

In the case before us, the act provides that the tenant unlawfully holding over shall pay to the landlord " at the rate of double the yearly value of the lands for so long a time as they are detained." The right to maintain the suit is in the landlord alone. It is a private suit for a private wrong; its exclusive purpose is to redress the civil injury done by the tenant to the landlord, the measure of damages being fixed by the statute.

Under the rule for interpretation established by Koch *v.* Vanderhoff, this case being within the first class specified by Mr. Justice Dixon, " a private suit for a private wrong," the acts of 1878 and 1882 are operative to bring it within the jurisdiction of the District Court.

*Second.* The statute provides that the damages for the injury shall be recovered in any court of record in this state, by action of debt, whereunto the defendant shall be obliged to give special bail.

Jurisdiction, it is contended, exists only in such courts as may hold the defendant to special bail, and it is denied that such power is vested in the District Court.

This is clearly an erroneous view of the law.

The Justice's Court act gives to that tribunal power to

hold to bail both in actions of contract and actions of tort. *Gen. Stat., p.* 1866, § 13.

That power was transferred to the District Court by the act of 1873, and the act under which this suit was instituted expressly provides that the defendant shall be obliged to give special bail.

The court below had jurisdiction to the extent of $300, and it had power to take special bail. It was, therefore, a competent forum in the case.

The other reasons relied upon by the prosecutor are—

*First.* That the suit was commenced by summons.

The defendant appeared without objection in the court below and tried the cause. If, therefore, it could be maintained that the suit must be commenced by warrant, it is too late to take advantage of an error in that respect. The object of process was accomplished by the appearance of the defendant and his submission to the jurisdiction of the court without objection, so far as the mode of bringing him before the court was concerned.

*Second.* The plaintiff recovered judgment for double the yearly value of the premises for twelve months.

At the time suit was brought, the tenant had held over for a few days less than twelve months, and the judgment is, therefore, in excess of what it should have been.

This, however, is not jurisdictional, and it is an error which cannot be redressed on *certiorari.*

The writ should be dismissed and the judgment below affirmed, with costs.